IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SETH WILLIAM NORTON,** : | **CIVIL ACTION NO. 1:22-CV-418** |
| : | |
| Plaintiff : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **FRANKLIN COUNTY JAIL,** *et al.*, : | |
| : | |
| Defendants : | |

**MEMORANDUM**

This is a civil rights case in which plaintiff Seth William Norton, a prisoner in the Franklin County Jail, alleges that his civil rights were violated when the jail and the corporation providing medical services at the jail conditioned his continued access to medical treatment on whether he agreed to receive a COVID-19 vaccine. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be granted. The complaint will be dismissed without prejudice and Norton will be granted leave to file an amended complaint.

**I.      Factual Background & Procedural History**

According to the allegations in Norton's complaint, he was placed in the custody of Franklin County Jail on September 23, 2021. (Doc. 1 at 2). During his confinement, the jail allegedly had a contract with defendant Primecare Medical Services ("Primecare") to act as the jail's medical services provider. (Id.) An

employee of Primecare named "Alex"[1] allegedly told Norton that if he did not agree to get vaccinated against COVID-19 he would lose his right to receive prescription medications and would lose access to addiction treatment in the jail. (Id. at 3). Norton further alleges that on December 19, 2021, he "dropped" his prescribed medication, which caused the warden of the prison and a correctional officer named Miller to place Norton in solitary confinement for 60 days. (Id.) Shortly after this incident, Norton discovered that the dosage for his prescription medication had been cut in half. (Id.) Norton alleges that jail policy requires that a "discussion" occur before an inmate's medication dosage is reduced and that such a discussion did not occur in this case. (Id.) The complaint names Franklin County Jail and Primecare as defendants. (Id. at 1). No individuals are named as defendants in the complaint. (See id.) Norton seeks injunctive relief and damages for the alleged violations of his civil rights. (Id. at 3).

## II.  Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. §

---

[1] Norton states that jail staff refused to provide a last name for Alex.

1915(e)(2);[2] 28 U.S.C. § 1915A.[3]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III.  Discussion

Norton brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Having reviewed Norton's complaint, we find that it fails to state a claim upon which relief can be granted.  First, with respect to Norton's claim against Franklin County Jail, Section 1983 allows a plaintiff to bring suit only against a "person" who violates the plaintiff's constitutional rights while acting under color of state law.  42 U.S.C. § 1983.  County jails are not persons subject to suit under Section 1983.  See, e.g., Edwards v. Northampton County, 663 F. App'x 132, 136 (3d Cir. 2016) (nonprecedential); Beaver v. Union County Pennsylvania, 619 F. App'x 80, 83 (3d Cir. 2015) (nonprecedential); Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (nonprecedential).[4]

As for Norton's claim against Primecare, plaintiffs seeking to bring civil rights claims against private corporations providing medical services to jails must allege that the corporations had a "policy or custom that resulted in the alleged constitutional violations at issue."  Palakovic v. Wetzel, 854 F.3d 209, 232 (3d Cir. 2017) (citing Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003)).  Norton alleges that Primecare had a policy stating that

---

[4] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

4

"a discussion" was to take place prior to an inmate's medication dosage being reduced, but it is not clear from the face of the complaint how this policy resulted in the alleged violations of Norton's civil rights.  It is alleged that "Alex" threatened to withhold Norton's medication and treatment if Norton did not submit to receiving a COVID-19 vaccine; it does not appear that any policy maintained by Primecare led to Alex making this threat.  Similarly, it is alleged that prison officials placed Norton in solitary confinement and reduced his medication dosage in response to Norton "dropping" his medication and not because any policy maintained by Primecare led them to take such actions.  We therefore conclude that Norton has failed to state a claim upon which relief may be granted as to either defendant.

      We will, however, grant Norton leave to amend.  Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008).  Amendment would be futile as to Norton's claim against Franklin County Jail because the jail is not a person subject to suit under § 1983, but we will grant Norton leave to amend this claim to name individual defendants who were responsible for the alleged violations of his civil rights.  Any such amendment must adequately allege the defendants' personal involvement in the alleged civil rights violations.  See, e.g., Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Leave to amend will also

5

be granted as to Norton's claim against Primecare because that claim is factually, rather than legally, deficient.

## IV. Conclusion

We will dismiss the complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. We will grant Norton leave to file an amended complaint. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   May 2, 2022