## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SETH WILLIAM NORTON,** | : | **CIVIL ACTION NO. 1:22-CV-418** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PRIMECARE MEDICAL** | : | |
| **SERVICES,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

This is a prisoner civil rights case under 42 U.S.C. § 1983 that is currently proceeding on plaintiff's amended complaint. Plaintiff, Seth William Norton, who is detained awaiting a criminal trial in Franklin County Jail, alleges that defendants employed by the jail and its medical contractor Primecare Medical Services ("Primecare") violated the Americans with Disabilities Act ("ADA") and the Eighth Amendment by interfering with his treatment for opioid use disorder, isolating him in his cell for his refusal to be vaccinated against COVID-19, initiating false misconduct charges against him, and making him shower in front of prison staff members. Defendants Miller, Bechtel, Shindledecker, Creamer, Scott, and McKenzie ("Franklin County defendants") have moved to dismiss. The motion will be granted in part and denied in part.

## I.   <u>Factual Background & Procedural History</u>

Norton initiated this case through the filing of a complaint on March 21, 2022, alleging civil rights violations by Franklin County Jail and Primecare. (Doc. 1). We dismissed the complaint for failure to state a claim upon which relief could be

granted on May 2, 2022, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. (Docs. 10-11).  We dismissed the claims against Franklin County Jail with prejudice because county jails are not proper defendants in a Section 1983 action.  (Doc. 10 at 4).  We dismissed the claims against Primecare without prejudice because the complaint failed to allege any policy or custom that caused the alleged violations of Norton's civil rights.  (Id. at 4-5).  We granted Norton leave to amend the complaint to cure the deficiencies with respect to his claims against Primecare and to name individual defendants responsible for the alleged civil rights violations.  (Id. at 5).

Norton amended his complaint on May 27, 2022.  (Doc. 15).  According to the allegations in the amended complaint, Norton, who has been prescribed Suboxone to treat his opioid use disorder, began his detention in Franklin County Jail on September 22, 2021.  (Id. ¶¶ 3-7).  At the beginning of his detention, Norton was assessed by a nurse employed by Primecare, who determined that Norton would continue to receive his prescribed doses of Suboxone two times a day.  (Id. ¶ 8).

On September 28, 2021, defendant Chloe Walker, a nurse employed by Primecare, allegedly gave Norton his two doses of Suboxone at the same time, despite the fact that Norton was previously instructed by physicians to take the Suboxone doses at different times of day.  (Id. ¶ 9).  Norton asked why he was being given his Suboxone doses at the same time, and Walker allegedly told him that she had done so pursuant to a policy created by defendants Bechtel and Linsbower, the prison's warden and medical services administrator, respectively, to give Suboxone doses five minutes apart because the recommended interval of 30-120 minutes between doses was "unrealistic and a threat to institutional interests."  (Id. ¶ 10).

On October 3, 2021, defendant Alex Hamm allegedly gave Norton a consent form that would allow Primecare to "research" Norton during his detention at Franklin County Jail.  (Id. ¶ 11).  Hamm allegedly told Norton that if he did not sign the consent form, Norton would not be allowed to receive treatment or medication during his detention.  (Id.)  Norton purportedly signed the consent form to avoid losing treatment.  (Id.)

On or around December 8, 2021, Norton was allegedly locked into his cell based on isolation precautions related to the COVID-19 pandemic.  (Id. ¶ 12).  He began to receive his daily doses of Suboxone in his cell rather than in the jail's medical wing.  (Id.)  During this time, the jail allegedly maintained a policy of isolating inmates who refused to be vaccinated against COVID-19 or tested positive for the virus.  (Id. ¶ 14).  Norton was allegedly confined to his cell pursuant to this policy and was not allowed to use the law library, exercise, talk to family, use the telephone, or attend mental health or medical appointments.  (Id. ¶ 15).

On December 19, 2021, defendants Walker and Miller handed Norton his dose of Suboxone through his cell door.  (Id. ¶ 16).  As Miller was handing the medication to Norton, it fell to the floor.  (Id.)  Norton asked Miller for permission to pick it up from the floor and Miller allowed him to do so.  (Id.)  Walker and Miller then left the cell.  (Id. ¶ 17).  Fifteen minutes later, a correctional officer told Norton through the prison's intercom system to pack his bags because he was going to be placed in solitary confinement.  (Id.)  Officers subsequently handcuffed Norton, escorted him to a shower stall in the prison's E-Block, and instructed him to remove

his clothing so that he could be strip searched.  (Id. ¶ 18).  After the search, he was handcuffed again and escorted to a cell in E-Block.  (Id. ¶ 19).

On December 21, 2021, Norton allegedly learned that he had been placed in solitary confinement as a result of the December 19, 2021 incident in which he dropped his Suboxone to the floor.  (Id. ¶ 20).  Defendants Miller and Creamer allegedly brought disciplinary charges against Norton arising from the incident for illegal use of drugs.  (Id.)  Later than day, defendant Walker allegedly gave Norton only one of his two doses of Suboxone and stated that Norton had given his consent to this action.  (Id. ¶ 21).  The next day, defendant Shindledecker allegedly came to Norton to ask for a statement about the alleged misconduct.  (Id. ¶ 23).  Shindledecker noted on a form that Norton said that dropping the Suboxone was an accident.  (Id.)  Norton alleges that he made no such statement and instead requested that he be given a hearing on the misconduct charges and that defendant Walker be called as a witness.  (Id.)  Defendants Shindledecker and Creamer subsequently sentenced Norton to sixty days in solitary confinement for the disciplinary infraction.  (Id.)  Norton appealed the decision through all stages of the jail's grievance process but was denied relief by defendant Bechtel.  (Id. ¶ 24).

From December 21, 2021 to February 17, 2022, Norton was allegedly woken up between 12:30 a.m. and 2:30 a.m. every other day, handcuffed behind his back, escorted to a shower stall in another block of the prison, and given a "scolding hot" shower while male and female correctional officers watched and "made verbally abusive remarks."  (Id. ¶ 25).  The amended complaint does not allege which defendants were responsible for any of these incidents, but notes that they occurred

"due to unconstitutional customs and policies enacted and practiced under Defendant Warden William Bechtold." (Id.)

Norton allegedly sought to file a complaint with defendant Hamm about the shower incidents on February 9, 2022, but Hamm allegedly stated that he would not help Norton and that Norton needed to wait until he was no longer in solitary confinement to bring the complaint. (Id. ¶ 26). On February 10, 2022, defendant McKenzie removed Norton from his cell and he and other correctional officers escorted him to a shower stall, ordered him to strip naked, and made harassing comments to him while he showered. (Id. ¶ 27). The amended complaint alleges that this was done in retaliation for Norton trying to file a complaint with defendant Hamm and notes that Hamm was the only person who was aware of Norton's complaint. (Id. ¶ 28).

On February 17, 2022, Norton was removed from solitary confinement and he filed a complaint about the shower incidents pursuant to the Prison Rape Elimination Act ("PREA"). (Id. ¶ 29). On February 19, 2022, defendant Hamm allegedly told Norton that he had instructed prison staff to only give Norton one dose of Suboxone beginning on December 19, 2021. (Id. ¶ 30). Hamm allegedly also told Norton that he if did not consent to being vaccinated against COVID-19 he would not receive any medical treatment. (Id. ¶ 31). Hamm's actions in cutting Norton's Suboxone dose allegedly resulted from a Primecare policy that sought to stop medication for inmates with opioid use disorder when they received misconduct charges related to the disorder. (Id. ¶ 32). The policy allegedly required that after the first misconduct the inmate would be given a meeting with mental

health professionals, that after the second misconduct the inmate's medication would be cut in half, and that after the third misconduct the inmate's medication would be discontinued.  (Id.)

On March 16, 2022, Norton allegedly met with defendant Breanna Culp,[1] a physician's assistant in the prison who was responsible for maintaining inmates' prescriptions.  (Id. ¶ 33).  Culp allegedly told Norton that she was sorry for the mistakes and that she was not previously aware that Norton's Suboxone dose had been reduced.  (Id.)  Culp arranged to have Norton's dose restored to the correct amount.  (Id.)  Norton allegedly received the correct dose until March 1, 2022, when defendant Hamm purportedly told nurses in the prison not to give Norton the full dose.  (Id. ¶ 34).  He then continued to receive the incorrect dose until April 26, 2022.  (Id. ¶ 35).  The amended complaint alleges that Norton suffers from insomnia, migraines, intense cravings and withdrawal, restlessness, pain in his bones, joints, and muscles, emotional trauma, and post-traumatic stress disorder due to the period of time in which he was given a reduced dose of Suboxone.  (Id. ¶¶ 37-38).

Norton asserts claims in the amended complaint for violation of the ADA and violation of the Eighth Amendment.  (Id. at 14).  He seeks damages and injunctive relief.  (Id.)  Franklin County defendants filed the instant motion to dismiss the amended complaint on July 1, 2022.  (Doc. 24).  Briefing on the motion is complete

---

[1] According to Primecare defendants' answer, defendant Culp is erroneously identified as defendant Doe in plaintiff's amended complaint.  (Doc. 37 at 1).  The court shall refer to defendant Culp in all instances in which the amended complaint refers to defendant Doe.

and it is ripe for review.  (See Docs. 25, 47).  Defendants Primecare, Culp,

Lensbower, Walker, and Hamm ("Primecare defendants") answered the amended

complaint on July 27, 2022.  (Doc. 37).

**II.**   **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the

dismissal of complaints that fail to state a claim upon which relief may be granted.

FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the

court must "accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable

reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County

of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings,

Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts

contained in the complaint, the court may also consider "exhibits attached to the

complaint, matters of public record, [and] undisputedly authentic documents if the

complainant's claims are based upon these documents."  Mayer v. Belichick, 605

F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol.

Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the

defendant fair notice of what the . . . claim is and the grounds upon which it rests."

Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts

a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31

(3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a

plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting

Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a

claim must be separated; well-pleaded facts are accepted as true, while mere legal

conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578

F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual

allegations, it must determine whether they are sufficient to show a "plausible claim

for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550

U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[]

the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Iqbal, 556 U.S. at 678.

     Courts must liberally construe complaints brought by *pro se* litigants.  Sause

v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018).  *Pro se* complaints, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.

Gamble, 429 U.S. 97, 106 (1976)).

**III.**   **Discussion**

     Norton brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983

creates a private cause of action to redress constitutional wrongs committed by

state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but

serves as a mechanism for vindicating rights otherwise protected by federal law.

See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d

1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a

deprivation of a "right secured by the Constitution and the laws of the United

States . . . by a person acting under color of state law." <u>Kneipp</u>, 95 F.3d at 1204

(quoting <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1141 (3d Cir. 1995)).

We liberally construe the amended complaint to assert four claims against

Franklin County defendants: (1) that the policy created by defendant Bechtel to

give doses of Suboxone five minutes apart violated Norton's constitutional rights;

(2) that Franklin County defendants' actions in confining Norton to his cell as a

COVID-19 precaution violated his constitutional rights; (3) that defendants Miller,

Creamer, and Shindledecker violated Norton's rights by falsifying misconduct

charges against him; (4) that defendant McKenzie and other unknown correctional

officers violated Norton's constitutional rights when they forced him to undress,

forced him to shower in front of him, and verbally abused him; and (5) that

defendant McKenzie retaliated against Norton in violation of the First Amendment

when he forced Norton to undress and shower on February 10, 2022.

Upon review of the amended complaint, we will dismiss all claims against

Franklin County defendants for failure to state a claim upon which relief may be

granted, with the exception of Norton's substantive due process claim against

defendant McKenzie.[2]

---

[2] Norton argues in his opposition brief that Franklin County defendants'
motion to dismiss is procedurally improper because the court screened the
amended complaint and allowed it to be served on defendants. (<u>See</u> Doc. 47 at 4-5).
This argument is without merit. The court's order directing service of the amended
complaint was without prejudice to defendants' right to move to dismiss the
amended complaint. (Doc. 19 at 1 n.1).

At the outset, we note that Norton frames his conditions of confinement claims as Eighth Amendment claims, but because he is a pretrial detainee they are properly construed as due process claims pursuant to the Fourteenth Amendment. See Whitley v. Albers, 475 U.S. 312, 318 (1986); Bell v. Wolfish, 441 U.S. 520, 535 (1979). The court's inquiry in reviewing a pretrial detainee's conditions of confinement claim under the Due Process Clause is whether the conditions amount to punishment. Bell, 441 U.S. at 535.  Conditions amount to punishment when (1) prison officials express an intent to punish the detainee; (2) the condition is not rationally related to a legitimate government purpose; or (3) the restriction imposed on the detainee is excessive in light of the government purpose.  Steele v. Cicchi, 855 F.3d 494, 504 (3d Cir. 2017).  If detainees "are subject to conditions unrelated to a legitimate governmental objective, 'we may infer that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon detainees qua detainees.'"  Hope v. Warden York Cty. Prison, 972 F.3d 310, 326 (3d Cir. 2020) (quoting E.D. v. Sharkey, 928 F.3d 299, 307 (3d Cir. 2019)).  The substantive protections on a detainee's conditions of confinement are "at least as robust as Eighth Amendment protections" afforded to inmates who have been convicted of a crime.  Id. at 325.

Norton's claim that defendant Bechtel advanced a policy to give doses of Suboxone five minutes apart fails to state a due process claim upon which relief may be granted.  To assert a prima facie due process violation based on inadequate medical care, pretrial detainees must allege deliberate indifference to a serious medical need.  Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997).  Claims of

deliberate indifference to a serious medical need require allegations of "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." <u>Natale v. Camden Cty.</u> Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999)).  To act with deliberate indifference, prison officials must recklessly disregard a substantial risk of serious harm to the inmate.  <u>Palakovic v. Wetzel</u>, 854 F.3d 209, 227 (3d Cir. 2017) (citing <u>Giles v. Kearney</u>, 571 F.3d 318, 330 (3d Cir. 2009)).  Norton fails to allege deliberate indifference by Bechtel, as there is no allegation that spacing Suboxone doses five minutes apart created a substantial risk of serious harm.

Norton's claim that he was confined to his cell pursuant to the prison's COVID-19 prevention policies likewise fails to state a due process claim upon which relief may be granted.  Non-medical conditions of confinement claims brought by pretrial detainees require allegations that prison officials were deliberately indifferent to detainees' health or safety and that the plaintiff suffered a deprivation of the minimal civilized measures of life's necessities.  <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 188 (3d Cir. 1993).  The amended complaint alleges that Norton was confined in his cell from December 8, 2021 to December 19, 2021 pursuant to a policy to isolate detainees who refused to be vaccinated against COVID-19 or tested positive for COVID-19.  (Doc. 15 ¶¶ 12-20).

This claim is indistinguishable from <u>Anderson v. Pennsylvania</u>, where a panel of our court of appeals considered a pretrial detainee's claim that a county jail's COVID-19 isolation measures violated the Due Process Clause because they required isolation of detainees in their cells for 22-23 hours a day without access to

visitation, religious services, or other amenities.  Anderson v. Pennsylvania, No. 21-1529, 2022 WL 4364019, at *1 (3d Cir. Sept. 21, 2022) (nonprecedential).[3]  The court recognized that preventing the spread of COVID-19 was a legitimate government interest and held that the plaintiff failed to state a due process claim upon which relief could be granted because he did not allege that the isolation policy was not unconnected to that legitimate interest, that it was excessive in relation to the interest, or that it was imposed for the specific purpose of punishing him.  Id. at *2.  Like the plaintiff in Anderson, Norton does not allege that the prison's policy was specifically imposed for the purpose of punishing him, that the policy was not rationally related to the legitimate interest of preventing the spread of COVID-19, or that the policy was excessive in relation to that purpose.  We agree with the Anderson court's *ratio decidendi* and find that Norton has failed to state a due process claim upon which relief may be granted.

Norton's claim arising from allegedly false misconduct charges fails to state a claim.  Allegations of falsified misconduct charges are not sufficient to state a claim for violation of a plaintiff's constitutional rights absent allegations that the falsified misconduct charges were brought in retaliation for the plaintiff exercising his constitutional rights or that the plaintiff was denied due process rights during the resulting disciplinary proceedings.  Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002).  No such allegations are made in this case.

---

[3] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

With regard to Norton's claims arising from the purported shower incidents, we find that the amended complaint adequately pleads a claim against defendant McKenzie for violation of Norton's right to substantive due process.  Under the Due Process Clause, prison officials may not expose inmates to gratuitous force divorced from any legitimate penological purpose.  Jacobs v. Cumberland Cty., 8 F.4th 187, 197 (3d Cir. 2021).  The amended complaint alleges that McKenzie and unnamed officers acting at his direction removed Norton from his cell and made him strip naked in a shower cell with no penological justification.  (See Doc. 15 ¶ 27).  This is sufficient to state a due process claim upon which relief may be granted against McKenzie for violation of Norton's right to "personal bodily integrity."  See E.D., 928 F.3d at 307 (citing Stevenson v. Carroll, 495 F.3d 62, 67 (3d Cir. 2007)).  Norton's claims arising from the other shower incidents fail to state a claim upon which relief may be granted, however, because Norton fails to allege the personal involvement of any defendants.  See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018) (noting that defendant must be personally involved in alleged civil rights violation to be held liable under Section 1983).

Finally, Norton's retaliation claim against McKenzie fails to state a claim upon which relief may be granted.  A prima facie case for retaliation requires the following allegations: (1) plaintiff engaged in constitutionally protected conduct; (2) defendant took retaliatory action against plaintiff that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between plaintiff's protected conduct and defendant's retaliatory action.  Javitz v. Cty. of Luzerne, 940 F.3d 858, 863 (3d Cir. 2019).  The

amended complaint fails to state a retaliation claim because it fails to allege any causal connection between Norton's protected conduct and McKenzie's alleged actions.  It is alleged that McKenzie's actions on February 10, 2022 were retaliation for Norton attempting to make a PREA complaint to defendant Hamm, but the amended complaint avers that Hamm "was the only individual who knew about plaintiff's intention on making a PREA report."  (Doc. 15 ¶¶ 28-29).  Hence, there is no basis to infer that McKenzie acted in retaliation because there is no allegation that McKenzie knew about Norton's PREA complaint.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips, 515 F.3d at 245.  We find that further leave to amend the dismissed claims would be futile.  Norton has had multiple opportunities to state a claim upon which relief may be granted and has failed to do so with respect to the dismissed claims.  We will accordingly dismiss these claims with prejudice.  Defendants Miller, Bechtel, Shindledecker, Creamer, and Scott will be terminated from this case and the case will proceed only as to Norton's substantive due process claim against McKenzie and his claims against Primecare defendants.

## IV.   Conclusion

We will grant in part and deny in part Franklin County defendants' motion (Doc. 24) to dismiss and dismiss all claims against Franklin County defendants with prejudice with the exception of the substantive due process claim against defendant McKenzie.  McKenzie will be required to answer plaintiff's amended complaint.  We

will additionally impose a case management schedule.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      December 21, 2022