## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SETH WILLIAM NORTON,** | : | **CIVIL ACTION NO. 1:22-CV-418** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PRIMECARE MEDICAL** | : | |
| **SERVICES,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

### <u>MEMORANDUM</u>

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983.  Plaintiff, Seth William Norton, alleges that officials employed by Franklin County Jail and its medical contractor Primecare Medical Services ("Primecare") violated the Americans with Disabilities Act ("ADA") and the Eighth Amendment by interfering with his treatment for opioid use disorder, isolating him in his cell for his refusal to be vaccinated against COVID-19, initiating false misconduct charges against him, and making him shower in front of staff members while he was detained in the prison.  The court issued an order requiring Norton to show cause as to why the case should not be dismissed for failure to prosecute based on his failure to update his mailing address after being released from Franklin County Prison.  Norton has not responded to the order.  We will accordingly dismiss the case with prejudice for Norton's failure to prosecute.

### I.    <u>Factual Background & Procedural History</u>

Norton initiated this case through the filing of a complaint against Franklin County Jail and Primecare on March 21, 2022.  (Doc. 1).  We dismissed the

complaint for failure to state a claim upon which relief could be granted on May 2, 2022 and granted Norton leave to amend.  (Docs. 10-11).

Norton amended his complaint on May 27, 2022.  (Doc. 15).  Defendants Primecare, Culp, Lensbower, Walker, and Hamm ("Primecare defendants") answered the amended complaint on July 27, 2022.  (Doc. 37).  Defendants Miller, Bechtel, Shindledecker, Creamer, Scott, and McKenzie ("Franklin County defendants") moved to dismiss the amended complaint on July 10, 2022.  (Doc. 24). The court granted the motion to dismiss in part on December 21, 2022, dismissing the claims against all Franklin County defendants other than McKenzie with prejudice.  (Docs. 48-49).  McKenzie answered the amended complaint on December 29, 2022.  (Doc. 50).

Following resolution of the motion to dismiss, mail to Norton was returned to the court as undeliverable on January 4, 2023.  (Doc. 51).  On February 17, 2023, we directed Norton to update his mailing address on or before March 16, 2023 and stated that if he failed to do so we would order him to show cause as to why the case should not be dismissed for failure to prosecute.  (Doc. 52).  Norton did not respond, and mail to him was again returned as undeliverable.  (Doc. 53).  We accordingly issued an order on March 20, 2023, requiring Norton to show cause on or before April 17, 2023 as to why the case should not be dismissed for failure to prosecute. (Doc. 54).  He again failed to respond, and mail to him was again returned as undeliverable.  (Doc. 55).  The court has not received any communication or filing from Norton since August 15, 2022, a span of nearly nine months.  (See Doc. 45).

## II.   <u>Discussion</u>

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." Fed. R. Civ. P. 41(b).  District courts have the inherent power to dismiss an action *sua sponte* for failure to prosecute.  <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991). When determining whether to dismiss a case for failure to prosecute under Rule 41(b), the court must balance the factors set forth in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984).  These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Id.</u> at 868.  Not all of the <u>Poulis</u> factors must be satisfied in order for a court to dismiss a complaint.  <u>See</u> <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992).

We find that the first three <u>Poulis</u> factors weigh in favor of dismissing this case for failure to prosecute.  First, because Norton is proceeding *pro se*, he is personally responsible for his failure to comply with the court's orders requiring him to update his address.  <u>Emerson v. Thiel Coll.</u>, 296 F.3d 184, 191 (3d Cir. 2002). Second, Norton's failure to update his address causes prejudice to defendants by delaying resolution of the case.  <u>Manuel v. Harry</u>, No. 1:20-CV-2309, 2021 WL 602723, at *2 (M.D. Pa. Feb. 16, 2021).  Third, Jennings has shown a history of dilatoriness by failing to comply with multiple orders requiring him to update his

address.  Id.  This failure to comply with court orders demonstrates an intention to discontinue this litigation.  Id.

The court finds that the fourth and fifth Poulis factors—whether Norton's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal—also weigh in favor of dismissal.  First, his failure to abide by court orders demonstrates a willful disregard for procedural rules and court directives.  Second, because he has not communicated with the court in any manner in nearly nine months, the court is without any viable alternative to dismissal.

The sixth factor, the meritoriousness of Norton's claims, weighs against dismissal.  Norton's amended complaint survived Franklin County defendants' motion to dismiss in part, and Primecare defendants have answered the amended complaint.  Thus, there is sufficient merit to Norton's claims for this case to proceed to discovery.

Upon balancing the Poulis factors, we find that dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) is warranted.  In light of Norton's failures to comply with court orders and silence over many months, we will dismiss this action with prejudice.  See Hamer v. LivaNova Deutschland GmbH, 994 F.3d 173, 177 n.3 (3d Cir. 2021) (noting that "[d]istrict courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order").

**III.** <u>**Conclusion**</u>

We will dismiss this case with prejudice for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   May 3, 2023